UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER,<br>Individually And on Behalf Of All Others,<br><br>           Plaintiffs,<br><br>  v.<br><br>SC DATA CENTER, INC. d/b/a<br>COLONY BRANDS, INC.,<br><br>           Defendant. | Civil Action<br><br>Case No. 2:16-cv-04078-NKL<br><br>Jury Trial Demanded |

## **MOTION TO DISMISS**

Defendant SC Data Center, Inc. ("SC Data") respectfully moves this Court to dismiss the Complaint of Ria Schumacher in its entirety pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure because Plaintiff lacks Article III standing to bring her claims for herself or a class of similarly situated individuals because she has not pleaded and cannot establish concrete or particularized injury. In support thereof and as more fully set forth in its memorandum of law which is filed herewith and incorporated herein by reference, states as follows:

      1.      On May 16, 2016, the United States Supreme Court issued its decision in *Spokeo, Inc. v. Robins,* 578 U.S. \_\_\_, 136 S.Ct. 1540 (2016).

      2.      *Spokeo* makes clear that the Plaintiff—who has not alleged and cannot establish a concrete or particularized injury as a result of alleged SC Data's actions—lacks Article III standing.

      3.      Although on May 12, 2016, the parties reached a conditional settlement, it was "contingent upon court approval," which approval is mandated by Rule 23(e) of the

1

Federal Rules of Civil Procedure. At the time of the *Spokeo* ruling, the settlement was not approved or even presented to the Court.

4. Because of Plaintiff's lack of standing, this Court has a subject matter jurisdictional bar on taking any further substantive action in this case, including approving the settlement agreement.

5. Without approval of the settlement agreement, SC Data cannot obtain the value of a settlement.

6. As such, this Court should stay any and all activities in this case pending resolution of this Motion, and upon consideration of the pleadings and the lack of harm to the Plaintiff, dismiss the case.

WHEREFORE, SC Data Center, Inc. prays the Court dismiss Plaintiffs' Complaint with prejudice for lack of subject matter jurisdiction, taxing costs in favor of SC Data Center, Inc. and against Plaintiff, and for such other and further relief as the Court finds just or necessary.

Dated this 15th day of July, 2016

Respectfully submitted:

SmithAmundsen LLC

By: */s/ John T. Walsh*
    John T. Walsh #33874
    James P. Sanders #58899
    120 S. Central Ave., Suite 700
    St. Louis, Missouri 63105
    Telephone: (314) 719-3700
    Facsimile: (314) 719-3710
    jwalsh@salawus.com
    jsanders@salawus.com

and

Amy O. Bruchs, *pro hac vice pending*
Michelle L. Dama, *pro hac vice pending*
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Fax: (608) 283-2275
Email: mldama@michaelbest.com
       aobruchs@michaelbest.com

Paul E. Benson, *pro hac vice pending*
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
Fax: (414) 277-0656
Email: pebenson@michaelbest.com

***Attorneys for Defendant SC Data Center, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2016 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Charles Jason Brown
Jayson A. Watkins
Brown & Watkins LLC
301 S. US 169 Hwy.
Gower, MO 64454
Tel: (816) 505-4529
Fax: (816) 424-1337
brown@brownandwatkins.com
Watkins@brownandwatkins.com

*Attorneys for Plaintiffs*

                                        */s/ John T. Walsh*
                                        *Attorneys for Defendant SC Data Center,*
                                        *Inc. d/b/a Colony Brands, Inc.*