# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER, ) | |
| Individually and on Behalf of All Others ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:16-cv-04078-NKL |
| ) | |
| SC DATA CENTER, INC. d/b/a ) | |
| COLONY BRANDS, INC., ) | |
| Defendant. ) | |

**ORDER**

Defendant SC Data Center, Inc. moves for an order certifying an interlocutory appeal from the Court's November 29, 2016 Order, [Doc. 61], in which the Court enforced the parties' settlement agreement and denied SC Data's Rule 12(b)(1) motion to dismiss. [Doc. 62]. For the following reasons, SC Data's motion is denied.

**I.    Background**

On behalf of a class, Plaintiff Ria Schumacher brings three claims under the Fair Credit Reporting Act arising out of her employment application with Defendant SC Data Center, Inc. Schumacher filed this action on February 3, 2016, in the Circuit Court of Cole County, Missouri. SC Data removed the matter to this Court on March 4, 2016. On May 12, 2016, the parties attended mediation with Richard Sher, an experienced mediator in Saint Louis, Missouri. During this mediation, the parties reached a class settlement, conditioned on the Court's requisite Rule 23 approval.

On May 16, 2016, the Supreme Court decided *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), which addressed Article III standing within the context of FCRA claims. Then, on July 15, 2016, SC Data filed its motion to dismiss, citing *Spokeo* for the proposition that Schumacher's

FCRA claims lacked sufficient concreteness to provide standing. At oral argument on SC Data's motion to dismiss, Schumacher asked the Court to enforce the parties' previous May 12, 2016 settlement agreement. On August 17, 2016, the Court invited supplemental briefing on its subject matter jurisdiction to enforce the settlement, which the parties filed. [Docs. 51 and 52].

The Court granted Schumacher's request for an order enforcing the parties' settlement agreement and denied SC Data's motion to dismiss for lack of subject matter jurisdiction following *Spokeo*. [Doc. 61]. The Court reasoned:

> [B]ecause the parties entered into a settlement agreement that Schumacher wishes to enforce, the issue is not whether the Court has subject matter jurisdiction over her FCRA claims. Instead, the issue is whether the Court has subject matter jurisdiction to enforce the parties' settlement agreement.

[Doc. 61, p. 3]. The Court held that "in light of [its] obligations under Rule 23 as well as the strong public policy and judicial preference for settlements, this Court finds no reason permitting, let alone compelling, a district court to disregard a valid, binding contract to settle the litigation." [Doc. 61, p. 8].

## II. Discussion

SC Data moves the Court to certify its Order for interlocutory appeal so that SC Data may have the "the Eighth Circuit Court of Appeals decide the legal question of standing to bring the complaint, which must be addressed at the forefront and which in turn may invalidate the parties' conditional settlement." [Doc. 68, p. 6].

Section 1292(b) establishes three criteria for certification of an order for interlocutory appeal: "[T]he district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty, Iowa v. Piper Jaffray Co.,* 525 F.3d 643, 646 (8th Cir. 2008). "[It] has . . . long been the policy of the courts to

2

discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations and citation omitted). Due to this additional burden, motions for certification should be "granted sparingly and with discrimination." *Id.* (internal quotations and citation omitted). The movant must meet a heavy burden of establishing that the case is "an exceptional one in which immediate appeal is warranted." *Id.* Thus, the "district judge is given authority by the statute to defeat any opportunity for appeal by certification, in deference to familiarity with the case and the needs of case management." Charles Allen Wright and Arthur R. Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3rd ed.).

SC Data has not met its heavy burden of demonstrating that the proposed issue is an exceptional one warranting interlocutory appeal because it fails to show that there is "a substantial ground for difference of opinion."[1] In support of this requirement, SC Data cites to cases around the country in which courts have inconsistently determined that FCRA claims like Schumacher's either are or are not sufficiently concrete to confer Article III standing following *Spokeo*. However, as this Court made clear in its Order, the question facing this Court was whether it had subject matter jurisdiction to enforce a valid, binding contract between SC Data and Schumacher to settle the litigation, not whether Schumacher had standing to bring her underlying claims following *Spokeo*.

SC Data fails to cite to any case showing disagreement with the Court's opinion that settlements are enforceable, regardless of subsequent changes in the law. In addition, the fact that the Eighth Circuit has not ruled on this specific issue is insufficient to establish a substantial ground for difference of opinion. *See, e.g., White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)

---

[1] Because SC Data fails to show a "substantial ground for difference of opinion," the Court need not address the remaining two § 1292(b) requirements.

3

("[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases."). As discussed in this Court's Order, at least one federal court of appeals has thoroughly considered this issue and found that a later change in the law eliminating the plaintiffs' cause of action did not render the parties' settlement agreement moot or unenforceable. *Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3rd Cir. 2010). SC Data's citations to cases addressing the separate issue of whether post-*Spokeo*, Schumacher has standing to bring her underlying claims, are a reiteration of SC Data's arguments in its motion to dismiss and do not require a contrary result. Accordingly, SC Data's cited authorities do not undermine the soundness of *Ehrheart*'s analysis or this Court's agreement with *Ehrheart*. Nor do SC Data's authorities contradict the three principles relied upon by the Third Circuit in *Ehrheart* and this Court in its Order: (1) "the restricted, tightly focused role of district courts prescribed by Rule 23, requiring them to act as fiduciaries for the absent class members, but that does not vest them with broad powers to intrude upon the parties' bargain"; (2) "the strong public policy favoring settlement of disputes" that is "particularly muscular in class action suits"; and (3) "jurisprudence holding that changes in the law after a settlement is reached do not provide ground for rescission." [Doc. 61, p. 4 (quoting *Ehrheart*, 609 F.3d at 593 (internal quotations omitted)].

Furthermore, this Court is unaware of any courts that have found *Spokeo* to be grounds for refusing to enforce or denying approval of an FCRA class settlement. Rather, following the *Spokeo* decision, several federal courts have preliminarily or finally approved class settlement agreements that, like in this case, were entered into by parties prior to *Spokeo* and involved underlying claims that may have been impacted by *Spokeo*.[2] *See, e.g.*, *Hillson v. Kelly Services, Inc.*, 2017 WL 279814, at *3-6 (E.D. Mich. Jan. 23, 2017) (preliminarily approving parties'

---

[2] Each of these federal cases was decided after the *Spokeo* decision on May 16, 2016.

4

FCRA class settlement after evaluating standing after *Spokeo* and concluding, "[T]he Court declines to weigh in on this split in authority" but ultimately finding "that Plaintiffs have suffered a 'concrete' injury"); *Zink v. First Niagara Bank, N.A.*, 2016 WL 7473278, at *3 (W.D.N.Y. Dec. 29, 2016) (determining proposed settlement amount for class's RPAPL and RPL statutory claims was "reasonable, particularly in view of the uncertainty regarding the existence of subject matter jurisdiction in light of *Spokeo*" and finally approving parties' class settlement); *Heaton v. Social Finance, Inc.*, No. 14-cv-05191- TEH (N.D. Cal. Aug. 9, 2016) (finally approving parties' FCRA class settlement without mention of standing or *Spokeo* but where parties noted in their briefing in support of the settlement that, "the settlement in this case was negotiated with consideration to the risks posed by . . . *Spokeo*, [which] . . . may have presented substantial, if not insurmountable, hurdles to continued litigation in this forum"); *Chapman v. Dowman, Heintz, Boscia, & Vician, P.C.*, 2016 WL 3247872, at *1 n.1 (N.D. Ind. June 13, 2016) (finally approving FDCPA class settlement and noting, "The Court acknowledges that the Supreme Court's recent opinion in *Spokeo* . . . may call into question the plaintiff's standing . . . In supplemental briefing, both parties have agreed that *Spokeo* does not deprive the plaintiff of standing and should not affect the approval of the settlement. Because *Spokeo* largely reiterated long-standing principles of Article III standing, and did not clearly disrupt appellate precedent holding that plaintiffs in Ms. Chapman's position have standing to bring this type of claim under the FDCPA, *see Keele v. Wexler*, 149 F.3d 589, 592–94 (7th Cir. 1998), the Court agrees that Ms. Chapman has standing to assert this claim.").

To be sure, no other courts have yet addressed a case like this one in which a party wishes to avoid its pre-*Spokeo* settlement agreement because of the *Spokeo* decision. But, the fact that other courts have approved settlements like this one following *Spokeo* further

5

undermines SC Data's argument that there is a substantial ground for difference of opinion. *See, e.g.*, *Hillson v. Kelly Services, Inc.*, 2017 WL 279814 (E.D. Mich. Jan. 23, 2017) (preliminarily approving parties' FCRA class settlement despite *Spokeo*).

For the previous reasons, the Court is not persuaded that there is a substantial ground for difference of opinion on this issue, such that it is an exceptional one warranting immediate appeal. SC Data's motion to certify for interlocutory appeal is denied.

### III. Conclusion

SC Data's motion to certify for interlocutory appeal, Doc. 62, is denied. The Court further orders the parties to submit their proposed settlement documents for preliminary approval on or before 3/16/2017.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 21, 2017
Jefferson City, Missouri