# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER, Individually and on Behalf of All Others | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:16-cv-04078-NKL ) |
| SC DATA CENTER, INC. d/b/a COLONY BRANDS, INC., Defendant. | ) ) ) ) |

## ORDER

Defendant SC Data Center, Inc. moves for reconsideration of the Court's February 21, 2017 Order, Doc. 69, which denied SC Data's motion for an order certifying an interlocutory appeal from the Court's November 29, 2016 Order. [Doc. 70]. For the following reasons, SC Data's motion is denied.

## I. Background

On behalf of a class, Plaintiff Ria Schumacher brings three claims under the Fair Credit Reporting Act arising out of her employment application with Defendant SC Data Center, Inc. Schumacher filed this action on February 3, 2016, in the Circuit Court of Cole County, Missouri. SC Data removed the matter to this Court on March 4, 2016. On May 12, 2016, the parties attended mediation with Richard Sher, an experienced mediator in Saint Louis, Missouri. During this mediation, the parties reached a class settlement, conditioned on the Court's requisite Rule 23 approval.

On May 16, 2016, the Supreme Court decided *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), which addressed Article III standing within the context of FCRA claims. Then, on July 15, 2016, SC Data filed its motion to dismiss, citing *Spokeo* for the proposition that Schumacher's

FCRA claims lacked sufficient concreteness to provide standing. At oral argument on SC Data's motion to dismiss, Schumacher asked the Court to enforce the parties' previous May 12, 2016 settlement agreement. On August 17, 2016, the Court invited supplemental briefing on its subject matter jurisdiction to enforce the settlement, which the parties filed. [Docs. 51 and 52].

The Court granted Schumacher's request for an order enforcing the parties' settlement agreement and denied SC Data's motion to dismiss for lack of subject matter jurisdiction following *Spokeo*. [Doc. 61]. The Court reasoned:

> [B]ecause the parties entered into a settlement agreement that Schumacher wishes to enforce, the issue is not whether the Court has subject matter jurisdiction over her FCRA claims. Instead, the issue is whether the Court has subject matter jurisdiction to enforce the parties' settlement agreement.

[Doc. 61, p. 3]. The Court held that "in light of [its] obligations under Rule 23 as well as the strong public policy and judicial preference for settlements, this Court finds no reason permitting, let alone compelling, a district court to disregard a valid, binding contract to settle the litigation." [*Id.* at p. 8].

SC Data moved the Court to certify its Order for interlocutory appeal so that SC Data could ask the "the Eighth Circuit Court of Appeals [to] decide the legal question of standing to bring the complaint, which must be addressed at the forefront and which in turn may invalidate the parties' conditional settlement." [Doc. 68, p. 6]. The Court denied this motion, reasoning that SC Data failed to carry its heavy burden of showing that "there [wa]s substantial ground for difference of opinion," one of the three requirements for certification. [Doc. 69, p. 6]. The Court stated that "SC Data failed to cite to any case showing disagreement with the Court's opinion that settlements are enforceable, regardless of subsequent changes in the law." [*Id.* at p. 3]. The Court further reasoned:

>    SC Data's citations to cases addressing the separate issue of whether post-*Spokeo*, Schumacher has standing to bring her underlying claims, are a reiteration of SC Data's arguments in its motion to dismiss and do not require a contrary result. Accordingly, SC Data's cited authorities do not undermine the soundness of *Ehrheart*'s analysis or this Court's agreement with *Ehrheart*. Nor do SC Data's authorities contradict the three principles relied upon by the Third Circuit in *Ehrheart* and this Court in its Order: (1) "the restricted, tightly focused role of district courts prescribed by Rule 23, requiring them to act as fiduciaries for the absent class members, but that does not vest them with broad powers to intrude upon the parties' bargain"; (2) "the strong public policy favoring settlement of disputes" that is "particularly muscular in class action suits"; and (3) "jurisprudence holding that changes in the law after a settlement is reached do not provide ground for rescission." [Doc. 61, p. 4 (quoting *Ehrheart*, 609 F.3d at 593 (internal quotations omitted)].

[*Id.* at 4]. Finally, the Court provided:

> Furthermore, this Court is unaware of any courts that have found *Spokeo* to be grounds for refusing to enforce or denying approval of an FCRA class settlement. Rather, following the *Spokeo* decision, several federal courts have preliminarily or finally approved class settlement agreements that, like in this case, were entered into by parties prior to *Spokeo* and involved underlying claims that may have been impacted by *Spokeo*.

[*Id.*]. The Court went on to provide citations to several such cases. [*Id.* at 4-5].

On March 16, 2017, as directed by the Court, the parties submitted their proposed settlement documents for preliminary approval.

However, SC Data moves this Court under Federal Rule of Civil Procedure 60 to reconsider its denial of SC Data's motion to certify the Court's order for interlocutory appeal. [Doc. 73].

## II. Discussion

A district court has broad discretion in determining whether to grant motions to reconsider. *In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014), and *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a motion to reconsider generally "serve[s] a limited function: to

correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

SC Data's sole argument for reconsideration is that the Court did not address *Groshek v. Great Lakes Higher Education Corporation*. 2016 WL 6819697 (W.D. Wis. Oct. 4, 2016). SC Data contends that *Groshek* is the "one (and only one) identical FCRA case where a settlement was reached pre-*Spokeo* and defendant moved to dismiss for lack of standing post-*Spokeo*." [Doc. 70, p. 2]. Although, in light of *Groshek*, this Court did misstate that it was "unaware of any courts that have found *Spokeo* to be grounds for refusing to enforce or denying approval of an FCRA class action settlement,"[1] this Court's February 21, 2017 decision still stands.

In *Groshek*, the parties entered a settlement agreement on the plaintiff's FCRA claims prior to the Supreme Court's decision in *Spokeo*. *Groshek*, 2016 WL 6819697, at *1. However, as in Schumacher's case, the *Groshek* defendant moved to dismiss the case for lack of standing after *Spokeo* was decided. *Id.* Despite the parties' pre-*Spokeo* settlement, the district court granted the motion to dismiss for plaintiff's lack of standing to bring his FCRA claims. *Id.* at *3.

Although *Groshek* aligns with SC Data's position, this District of Wisconsin decision is neither binding on this Court nor persuasive. *See Ctr. For Family Med. v. United States*, 614 F.3d 937, 942 (8th Cir. 2010) ("One district court is not bound by the decision or reasoning of another district court involving other parties with the same issue."). The *Groshek* court's analysis of the determinative settlement issue was limited to its observation that "Great Lakes' motion [to dismiss for lack of standing] comes awfully late in the case, but because it goes to the

---

[1] The Court further rejects SC Data's characterization of the Court as having "relied heavily" on this statement. [Doc. 70, p. 1]. In contrast, this Court's February 21, 2017 decision was largely premised on SC Data's failure to undermine the soundness of the three principles relied upon by the Third Circuit in *Ehrheart* and by this Court in its original Order denying SC Data's motion to dismiss. [*See* Doc. 69, p. 3-4 and Doc. 61, p. 4 (quoting *Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3rd Cir. 2010)).]. Nonetheless, this Court reconsiders its decision in light of *Groshek*.

4

court's jurisdiction, the court must decide it on the merits." *Id.* at *2. After analyzing *Spokeo*'s impact on the plaintiff's standing to bring his FCRA claims, the district court concluded that the plaintiff's "timing-related arguments are futile. A motion to challenge subject-matter jurisdiction may be made at any time [and] . . . when jurisdiction ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* at *7-8.

As in *Groshek*, this Court is well aware that subject matter jurisdiction may be challenged at any time and that once a court lacks jurisdiction, dismissal is required. *See* Fed. R. Civ. P. 12(h)(3) and *Ex parte McCardle*, 74 U.S. 506, 514 (1868). However, this Court found that it had jurisdiction—specifically, to enforce the parties' settlement agreement—and thus, dismissal was not warranted. *Groshek*, on the other hand, barely discussed the effect of the parties' settlement, much less provided any examination of its impact on jurisdiction. Such cursory analysis of an issue that this Court has spent extensive time researching and considering is not persuasive.

The *Groshek* decision does not persuade the Court to vacate its previous holding. The Court reiterates that SC Data has not carried its heavy burden of establishing a substantial ground for difference of opinion on this issue, such that it is an exceptional one warranting immediate appeal. SC Data's motion to reconsider is denied.

## III. Conclusion

For the previous reasons, SC Data's motion for reconsideration, Doc. 70, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 24, 2017
Jefferson City, Missouri