# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER, Individually And on Behalf Of All Others, <br><br> Plaintiffs, <br><br> v. <br><br> SC DATA CENTER, INC. d/b/a COLONY BRANDS, INC., <br><br> Defendant. | Case No. 2:16-cv-04078-NKL |

## ORDER

The parties notified the Court that they reached a settlement in this case, and the parties filed their joint motion for preliminary approval of class settlement, to certify the class for purposes of settlement, and for approval of the proposed notice plan. [Doc. 72].

Rule 23(e) directs that the claims of "a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." A proposal that binds the class members may only be approved "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). This generally involves a two-step process, in which the Court first makes a preliminary inquiry into the terms of the settlement. Once satisfied that there is a plausible basis to approve the settlement, the Court directs notice and solicits the views of class members. Following the close of any opt-out and comment deadline, the Court holds the hearing required by Rule 23(e) and issues a final finding on whether the settlement is fair, reasonable and adequate. This case now comes to the Court on the first step – preliminary approval and issuance of a court-authorized notice of settlement.

The Court has reviewed the motion, the parties' Settlement Agreement, and the proposed notice of settlement. The Court grants the motion, Doc. 72, and specifically finds and orders as follows:

1. The Settlement Agreement, including its provision for an award of attorneys' fees and costs to Class Counsel and an incentive award to Plaintiff, is preliminarily approved pending objections from Settlement Class members and approval from the Court, and on the condition that:

    a. The settlement checks shall not expire for 180 days rather than the 90 days provided in Paragraph V.A.8. in Doc.72-2, p. 11; **and**

    b. The following two sentences are added to the end of Paragraph V.A.2. in Doc. 72-2, p. 10: *To the extent a notice is returned with a forwarding address, the Settlement Administrator will re-mail the notice to the forwarding address. If any notice is returned as undeliverable, the Settlement Administrator will do a skip trace and if a new address is identified, will re-mail the notice*; **and**

    c. The last three sentences of Paragraph V.A.8. in Doc. 72-2, p. 11-12 are edited to include the italicized provisions below, as follows: "In the event any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendant nor the Settlement Administrator shall have any further obligations to such Plaintiff except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; (2) if a Plaintiff contacts the Settlement Administrator to request a replacement check the Settlement Administrator shall comply with such a request by canceling the initial check and issuing a replacement, *but* the replacement check shall expire on the same date as the original check; *and (3) for any check returned as undeliverable, the Settlement Administrator will make at least one skip trace effort to locate a new address for that Plaintiff and, if a new address has been found, mail the check to the new address.*
    Any amounts remaining in the Settlement Fund after deduction of all amounts required for administration costs and the Agreed Amount and after the expiration date for all checks issued as distribution of settlement proceeds shall be divided in the following fashion: *(1)* uncashed checks that were delivered will revert to the Defendant, *and (2) the parties shall report to the Court the sum of all checks that are undeliverable after one skip trace for the Court to make a final determination regarding whether a second distribution of the settlement to the located plaintiffs is feasible. If the Court determines*

2

*that a second distribution is not feasible, the settlement funds remaining due to undelivered checks* will be distributed to the *cy pres* recipient, the U.S. Committee for Refugees and Immigrants."

2. The definitions set forth in the Settlement Agreement are hereby incorporated by reference into this Order.

3. The Settlement Classes are conditionally certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

    a. The "Disclosure Class" shall include all employees and prospective employees of SC Data Center, Inc. on whom SC Data Center Inc. conducted a criminal background check, utilizing information obtained through a third party, between February 3, 2014 and May 12, 2016, and who executed SC Data, Inc.'s disclosure form.

    b. The "Adverse Action Class" shall include all employees and prospective employees of SC Data, Inc. on whom SC Data, Inc. conducted a criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) SC Data, Inc. decided not to employ the employee or prospective employee because of the results of the criminal background check during the period between February 3, 2014 and May 12, 2016; and (ii) SC Data, Inc. did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of SC Data, Inc.'s decision not to employ the employee or prospective employee. Condition (i) in this class definition shall include employees and prospective employees who SC Data, Inc. decided not to employ based on dishonesty confirmed by the results of the criminal background check.

4. Solely for the purpose of settlement, the Court provisionally finds as to each of the Settlement Classes that the requirements of Rule 23(a) are satisfied:

    a. Each of the Settlement Classes satisfies the numerosity requirement because the joinder of all members is impracticable. The Disclosure Class consists of approximately 4,371 members, and the Adverse Action Class consists of 77 members.

    b. There are questions of law and fact common to the Settlement Classes,

including whether SC Data, Inc.'s alleged conduct is covered by the FCRA, and the propriety of SC Data, Inc.'s Consumer Authorization form, and whether SC Data, Inc.'s alleged conduct was willful.

    c.    The claims of the proposed Class Representative, Plaintiff Ria Schumacher ("the Class Representative") are typical of the claims of the Settlement Classes that the Class Representative seeks to certify;

    d.    The Class Representative and Brown & Watkins, LLC will fairly and adequately protect the interests of the Settlement Classes;

5. Solely for the purpose of settlement, the Court further provisionally finds as to each of the Settlement Classes that the requirements of Rule 23(b)(3) are satisfied:

    a.    The questions of law or fact common to members of the Settlement Classes predominate over the questions affecting only individual members, in that the central issues in this litigation are common among Plaintiffs, and the elements of Plaintiffs' claims can be evaluated through common evidence; and

    b.    Certification of the Settlement Classes is superior to other available methods for fair and efficient resolution of the controversy because individual claims are small, therefore providing little incentive for individual suits.

6. For the purpose of this preliminary approval order and all matters relating to the Settlement and this Action, until further order of the Court, Plaintiff is hereby appointed as Class Representative. The law firm of Brown & Watkins, LLC is hereby appointed as counsel for the Class ("Class Counsel").

7. The Court finds that notice through first-class mailing of the Class Action Notice is the best notice practicable under the circumstances. Use of the Class Action Notice

constitutes due and sufficient notice of this Settlement to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process.

8. Pursuant to the terms of Section V. of the Settlement Agreement, Defendant is hereby directed to prepare and provide to the Settlement Administrator a list of all Settlement Class members ("Plaintiffs") no later than 30 days following this Order. No later than 14 days after receiving this list, pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall cause the Class Action Notice to be sent via first-class U.S. mail, postage prepaid, to all Plaintiffs.

9. Any Plaintiff wishing to exclude himself or herself from the Settlement shall send, by first-class mail, written notice to the Settlement Administrator, indicating his or her name or address and that he or she desires to be excluded from the Settlement Class or Classes of which he or she is a member ("Opt-Out Request"). All Opt Out Requests must be postmarked within 45 days of the Notice's postmark date. Any Plaintiff who timely Opts Out from the Settlement shall no longer be a member of any Settlement Class, shall be barred from participating in the Settlement, shall have no right to object to the Settlement, and shall receive no benefit from the Settlement. Any Plaintiff who does not properly and timely opt out shall be included in the Settlement and shall remain a Settlement Class member and shall be bound by the Release and any Final Judgment entered in this Action.

10. Any Plaintiff wishing to object to the Settlement must submit an objection including: (1) evidence that the objector is a member of one or more of the Settlement Classes as defined herein; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities

underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing. Such objection must be filed with the Court (via the Clerk of the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101) and served upon counsel for all parties by first class mail no later than 45 days of the Notice's postmark date.

11. No later than 7 business days after the deadline to opt out or object to the settlement, the Settlement Administrator will provide Class Counsel and Counsel for SC Data, Inc. with a declaration attesting to completion of the notice process set forth in the Settlement Agreement, the number and names of opt outs, the number of claims in each Settlement Class, and a summary of any disputes raised by any Plaintiffs.

12. Motions in support of Final Approval of the Settlement shall be filed with the Clerk of the Court at least 14 days prior to the Final Approval Hearing.

13. A hearing (the "Final Approval Hearing") shall be held before the undersigned on August 3, 2017 at 10:00 a.m. in the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final order or judgment in the Action, any petition for attorneys' fees and incentive award, and other related matters. This Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Classes.

14. Any Plaintiff who does not opt out of the Settlement may appear at the Final Approval Hearing in person or by counsel, if an appearance is filed and served in accordance

with the Settlement Agreement. Such parties shall be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, and/or the requested award of attorneys' fees and incentive award.

15. Even if not specifically mentioned herein, all elements of the Settlement Agreement are approved by this Order.

16. The certification of the Settlement Classes under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission by any person, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of any party to oppose class certification in this action should the proposed Settlement not be granted final approval.

17. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated.

18. All proceedings in the Action other than such as may be necessary to carry out the terms and conditions in the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

For the previous reasons, the parties' joint motion for preliminary approval of class settlement, Doc. 72, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 24, 2017
Jefferson City, Missouri