IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER, Individually And On Behalf Of All Others,<br><br>Plaintiffs,<br><br>vs.<br><br>SC DATA CENTER, INC. d/b/a COLONY BRANDS, INC.,<br><br>Defendant. | Case No. 2:16-cv-4078-NKL |

**ORDER**

Plaintiff Ria Schumacher moves pursuant to Federal Rules of Civil Procedure 59 and 60 for reconsideration of the portions of the Court's order dismissing two of her three claims for lack of subject matter jurisdiction. For the reasons discussed below, the motion is granted.

**I.   Standard**

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks and citation omitted). Similarly, Rule 60(b) permits the Court, on motion, to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect, although the "extraordinary relief" for which Rule 60(b) provides "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quotation marks and citation omitted). In short, "[w]here the district court believes that an earlier decision was reached in error, it may revisit the decision 'to avoid later reversal.'" *Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997) (citation omitted). The

Court has "broad discretion in determining whether to grant a motion to alter or amend judgment . . . ." *Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997).

Moreover, where, as here, not all claims are resolved and the district court does not direct the entry of a final judgment as to one or more claims or parties, the decision "'is subject to revision at any time before the entry of [final] judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting Fed R. Civ. P. 54(b); *see* Fed. R. Civ. P 54(b) ("When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986*, 472 F.3d at 1017 (citation omitted).

**II.     Analysis**

Schumacher argues that the Court erred when it dismissed Count III (the failure-to-authorize claim) and Count II (the improper-disclosure claim).

   **a. Count III – Failure-to-Authorize Claim**

Ms. Schumacher has alleged that SC obtained more information about her than she authorized SC to obtain, in violation of 15 U.S.C. Section 1681b(b)(2)(A)(ii). That section provides, in relevant part, that, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . the

2

consumer has authorized in writing . . . the procurement of the report by that person."

The Court previously concluded that the alleged violation of Section 1681b(b)(2)(A)(ii) "is the type of harm that Congress intended to prevent in enacting the FCRA and is also akin to a traditional common law claim." Doc. 102, p. 12. The Court reasoned as follows:

> "[T]o determine whether an intangible harm counts as an injury in fact, [the Court] must consider Congress' judgment and whether the alleged intangible harm has a close relationship to a harm that traditionally provided a basis for suit in the Anglo-American legal system." *Heglund v. Aitkin County*, 871 F.3d 572, 577 (8th Cir. 2017); *see also Spokeo*[*, Inc. v. Robins*], 136 U.S. [1540,] 1549 [(2016)].
>
> Congress enacted the FCRA to, among other things "protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007). The Eighth Circuit has likened an FCRA claim to a common law claim for invasion of privacy. *See Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018) (noting that "invasion of privacy did provide a basis for suit at common law") (citing *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016)).

Doc. 102, p. 11. "'[T]he unlawful disclosure of legally protected information'" causes "'a clear *de facto* injury'" and "concrete" harm. *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312, 322 (3d Cir. 2018) (quotation marks and citation omitted)). Thus, the Court concluded that "[i]f Ms. Schumacher were able to support her allegations with evidence, she could establish an intangible injury to her privacy sufficient to confer standing." Doc. 102, p. 12.

However, the Court previously found that "[t]he evidence in the record . . . indicates that SC received from its third-party provider nothing more than a criminal background check, and Ms. Schumacher plainly authorized the third party's performance of a criminal background search." Doc. 102, p. 13. Schumacher argues that this finding was in error because the Court overlooked evidence showing that SC conducted more than a criminal background check.

Insofar as Schumacher argues that the Locator-County Validator search returned more than a criminal background search, the Court already addressed that argument in the order on the motion to dismiss. *See* Doc. 102, p. 13 (noting that "the 'Locator – County Validator' report[] does not

3

show address information, but instead, shows criminal background information"). Even if Schumacher is correct that the background search involved Schumacher's Social Security number, the evidence indicated that the information that the search yielded concerned her criminal background. *See* Doc. 32-4, p. 1 ("The purpose of Social Security Trace/Address Locator Report is to locate jurisdictions *for purposes of expanding the scope of the criminal background check*.") (emphasis added). The Court therefore will not reconsider on this basis its conclusion that the evidence showed only that SC conducted a criminal background search—the type of consumer report that Schumacher authorized.

However, Schumacher also highlights the fact that "[t]he first page of document 32-4 states that a sex offender search is a non-criminal background check." Schumacher authorized only a criminal background search, and the report that SC produced expressly describes a sex-offender search as a "non-criminal" search. *See* Doc. 32-4, p. 1 ("To the extent criminal background results are duplicative of findings from *non-criminal* background checks, *such as a sex offender hit*, the results are duplicated in the report.") (emphases added). "National Sex Offender" was a "component" of the background search that SC performed with respect to Schumacher. *Id*. Therefore, SC, by the terms of its report, conducted a "non-criminal background check[]" as to Schumacher, despite the fact that it had Schumacher's consent to conduct only a criminal background check. In other words, Schumacher did not authorize SC to procure the consumer report that it procured.[1]

Schumacher's argument that SC conducted more than a criminal background check was supported by evidence that was already in the record before the Court (Doc. 32-4). The Court's

---

[1] SC offered no response to Schumacher's argument that the sex offender search constituted a non-criminal background check.

prior conclusion that "[t]he evidence in the record . . . indicates that SC received from its third-party provider nothing more than a criminal background check" therefore was in error. Accordingly, reconsideration is warranted. *See Glob. Network Techs.*, 122 F.3d at 665 ("A district court has broad discretion in determining whether to grant a motion to alter or amend judgment, and this court will not reverse absent a clear abuse of discretion."); *see also Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (noting that "correcting manifest errors of law or fact" are among the limited functions of Rule 59(e) motions (quotation marks and citations omitted)).

Because the Court has not yet entered final judgment as to any of the claims in this case, it has the "inherent power to reconsider and modify its prior order on this subject." *K.C.1986*, 472 F.3d at 1017 (citation omitted). Moreover, the matter here involves neither novel theories nor facts that could have been but were not presented. Schumacher has consistently argued that SC conducted more than a criminal background search, and evidence of that fact was in the record on the motion to dismiss—the Court simply overlooked it. For these reasons, the Court's decision to reconsider its prior order is well within both its inherent power to modify its own interlocutory decision under Rule 54 and the broad discretion afforded it under Rule 59(e).

The cases that SC cite do not warrant a different outcome. As a preliminary matter, they acknowledge that a clear error of fact provides a basis for reconsideration. *See, e.g., Arnold v. ADT Sec. Serv., Inc.* 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [under Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quotation marks and citation omitted)). Moreover, SC has not cited any case in which the Eighth Circuit reversed a district court for exercising its "broad discretion" to grant a motion for reconsideration. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 n.3 (finding no abuse of discretion in *denial* of Rule 59(e) motion); *Arnold v. ADT Sec. Serv., Inc.* 627 F.3d

716, 721-22 (8th Cir. 2010) (finding no abuse of discretion in *denial* of Rule 60(b) motion); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (finding no abuse of discretion in district court's *denial* of motion for reconsideration); *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (finding that district court had authority to reach merits of Rule 60(b)(5) motion and reversing in part on the law); *Bradley Timberland Resources v. Bradley Lumber Co.,* 712 F.3d 401, 407 (8th Cir. 2013) (affirming *denial* of motion for reconsideration).

Because the evidence in the record establishes that SC procured a consumer report for employment purposes with respect to Schumacher without Schumacher's written authorization, in violation of Section 1681b(b)(2)(A)(ii), the Court cannot but conclude that Schumacher has standing to pursue her lack-of-authorization claim, and the Court therefore must reinstate Count III.

### b. Count II - Improper-Disclosure Claim

The Court next considers whether reconsideration of Schumacher's improper-disclosure claim is warranted. That claim arose under 15 U.S.C. Section 1681b(b)(2)(A)(i), which provides, in relevant part, that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless— (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . ." The Court dismissed the improper-disclosure claim because Schumacher had not alleged that she did not see or understand the disclosure, or that she would not have signed it had she understood it, and therefore the Court could not infer concrete harm. Doc. 102, p. 11.

However, the Court's reconsideration of Schumacher's lack-of-authorization claim compels reconsideration of Schumacher's improper-disclosure claim as well. SC's form did not disclose the type of consumer report that it procured. SC's failure to comply with the plain language of the FCRA regarding the form of the disclosure therefore was not a mere procedural violation, but a substantive one. Not only was SC's purported disclosure in the wrong format, as the Court initially believed, but also, more fundamentally, it was not "clear"—to the contrary, it was misleading.

Such a violation inflicts a *de facto* injury-in-fact on the consumer. *See Syed v. M-I, LLC*, 853 F.3d 492, 499-500 (9th Cir. 2017) (holding that "15 U.S.C. § 1681b(b)(2)(A)(i)[] creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process," and therefore, a properly pleaded claim pursuant to that statute "alleges more than a 'bare procedural violation'"); *Long*, 903 F.3d at 322 (holding that "'the unlawful disclosure of legally protected information'" causes "'a clear *de facto* injury'" and "concrete" harm (quotation marks and citation omitted)); *cf. Auer*, 902 F.3d at 878 (describing failure to comply with "procedural requirements" as only possible "technical violations" because "there [wa]s no well-pleaded allegation that the City acted beyond [plaintiff's] consent"); *Fields v. Beverly Health & Rehab. Servs., Inc.*, No. 16-0527, 2017 WL 812104, at *5 (D. Minn. Mar. 1, 2017) (stating that "consumers have a substantive right to the statutorily required information provided in a non-confusing manner," but finding no standing where plaintiff "failed to demonstrate that she was not informed about which type of report Defendants were procuring").

The deficiency in SC's form is precisely the type of harm that Congress sought to address in enacting the FCRA. *See* 15 U.S.C.A. § 1681 (describing the "purpose" of the statute as requiring

7

the adoption of "reasonable procedures for meeting the needs of commerce for . . . personnel . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, . . . relevance, and proper utilization of such information"). The harm at issue also is akin to not only a common law claim of invasion of privacy, but also claims based on misrepresentation and contract. SC made a representation concerning the type of information about Schumacher it would procure, and then SC proceeded to procure more information than it said it would. Both congressional intent and common law corollaries compel the conclusion that SC's failure to disclose that it would procure a consumer report concerning Schumacher for employment purposes left Schumacher with "an injury in fact . . . ." *Heglund*, 871 F.3d at 577. She therefore has standing to pursue her claim concerning the form of the disclosure, and the Court must reinstate Count II.

### III. Conclusion

For the reasons discussed above, the Court GRANTS Schumacher's motion for reconsideration. The Court reverses its decision dismissing Counts II and III, and denies SC's motion to dismiss in its entirety.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 3, 2019
Jefferson City, Missouri