UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RIA SCHUMACHER,<br>Individually and on Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>v.<br><br>SC DATA CENTER, INC. d/b/a<br>COLONY BRANDS, INC.,<br><br>    Defendant. | Case No. 2:16-cv-04078-NKL |

## FINAL ORDER AND JUDGMENT

This matter having come before the Court originally on September 21, 2017, upon the Parties' Joint Motion for Final Approval of Class Action Settlement (Doc. 82), the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, IT HEREBY IS ORDERED AND ADJUDGED as follows:

On February 3, 2016, Plaintiff Ria Schumacher (the "Named Plaintiff") filed the above-captioned lawsuit on behalf of herself and a putative class (the "Lawsuit") asserting class claims against Defendant SC Data Center Inc. ("Defendant"), under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The Lawsuit was subsequently removed to this Court based on federal question jurisdiction. Defendant denies any and all liability alleged in the Lawsuit and alleges that Named Plaintiff lacks standing. This Court found in Orders issued on June 3, 2019 and September 3, 2019 that the Named Plaintiff has standing to bring all claims.

After arm's-length negotiations, on May 12, 2016, the Named Plaintiff and Defendant entered into a conditional Settlement Agreement.

On July 15, 2016, Defendant filed a motion to dismiss Named Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure asserting that Named Plaintiff lacks standing. The Court denied Defendant's motion to dismiss and subsequent motion for an order certifying this case for Interlocutory Appeal under 28 U.S.C. § 1292(b). Defendant appealed this matter to the Eighth Circuit on September 27, 2017. On January 8, 2019, the Eighth Circuit vacated the Court's September 21, 2017 Final Judgment and Order and remanded the matter for the Court to consider if standing independent of the settlement agreement existed. On June 3, 2019, the Court found standing with respect to the adverse action claim, but not the disclosure and authorization claims. On September 3, 2019, the Court granted the Named Plaintiff's motion for reconsideration of the June 3, 2019 order and concluded that the Named Plaintiff has standing to assert all of her claims. Defendant intends to appeal the Court's findings to the Eighth Circuit.

On April 24, 2017, upon consideration of the Parties' Settlement Agreement and the Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 76), the Court entered an Order preliminarily approving the Settlement Agreement and certifying the settlement classes in accordance with the terms of the Parties' Agreement. (Doc. 33-2). Pursuant to the Order, the Court, among other things, (1) preliminarily approved the parties' Settlement Agreement, including Class Counsel's request for attorneys' fees and an incentive award to the Named Plaintiff; (2) conditionally certified (for settlement purposes only) the settlement classes consisting of first, all employees or prospective employees of the Defendants in the United States who were the subject of a consumer report procured between February 3, 2014 and May 12, 2016, and who executed the FCRA disclosure form attached to the Complaint and second, all employees and prospective employees of SC Data, Inc. on whom SC Data, Inc. conducted a

criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) SC Data, Inc. decided not to employ the employee or prospective employee because of the results of the criminal background check during the period between February 3, 2014 and May 12, 2016; and (ii) SC Data, Inc. did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of SC Data, Inc.'s decision not to employ the employee or prospective employee; (3) designated Charles Jason Brown and Jayson A. Watkins as Class Counsel, and Named Plaintiff as representative for the Class; (4) approved the form class notice; and (5) set the date for the Final Fairness Hearing.

On September 20, 2017, the Parties filed their Motion for Final Approval of Class Action Settlement. On September 21, 2017, a Final Fairness hearing was held pursuant to Fed. R. Civ. P. 23, to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment; whether the proposed settlement is fair, reasonable, and adequate; and whether the settlement should be finally approved by the Court.

A Final Order and Judgment was entered by the Court on September 21, 2017. The case was appealed and then remanded by the Eighth Circuit for consideration of whether the Plaintiff has standing to pursue her claims. The Court having now concluded that the Plaintiff has standing to pursue each of her claims hereby grants the Parties' Motion for Final Approval of Class Action Settlement .

Upon duly considering the Parties' Settlement Agreement, motions, briefing and statements, the Court finds as follows:

1. The Court has found that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the following classes are finally certified for settlement purposes only:

   a. Adverse Action Subclass: All employees and prospective employees of Defendant on whom Defendant conducted a criminal background check, utilizing information obtained through a third party, and who also meet the following two conditions: (i) Defendant decided not to employ the employee or prospective employee because of the results of the criminal background check between February 3, 2014 and May 12, 2016; and (ii) Defendant did not provide the employee or prospective employee with both a copy of the background check results and a reasonable time to challenge the results of the background check in advance of Defendant's decision not to employ the employee or prospective employee.

   b. Disclosure Subclass: All employees and prospective employees of Defendant on whom Defendant conducted a criminal background check, utilizing information obtained through a third party, on or after February 3, 2014 and May 12, 2016, and who executed Defendant's Consumer Authorization form, which was attached to the Complaint.

3. Charles Jason Brown and Jayson A. Watkins are designated as Class Counsel. Ria Schumacher is designated as representative for the Class.

4. Pursuant to the Court's Order of preliminary approval, the approved class notice was mailed to Class Members on June 2, 2017. The notice satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.

5. All members of the class, with the exception of the twenty-one (21) opt-out members (identified in ¶ 11 and 12 of the Declaration of Nancy Johnson submitted in support of the Joint Motion For Final Approval of Class Action Settlement) who timely excluded themselves from the Class, are bound by this order and are permanently enjoined from commencing, prosecuting, or maintaining any claim already asserted in, encompassed by, or released in connection with, this action.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Parties' Settlement Agreement is fair, reasonable, and adequate in light of the benefit to the Class Members; the complexity, expense, and probable duration of further litigation; the inherent risk and delay in litigation and the appeals process; and the potential for recovery in this case.

7. Per the Court's Final Order and Judgment (Doc. 84), Defendant was, within 20 business days from the entry of Judgment, to transfer monies sufficient to fund the Settlement Fund to the Settlement Administrator to be held in escrow in an interest-bearing account. No funds shall be disbursed from the escrow account until all appeals, including certiorari petitions, are resolved. If the appellate process results in a disposition in favor of the Defendant, the Settlement Administrator will return the Settlement Funds, including interest thereon, directly to the Defendant within 10 business days of the Settlement Administrator's receipt of notice of an appeal's resolution in favor of Defendant. If the appellate process results in a disposition in favor of the Plaintiff, within 10 business days of the Settlement Administrator's receipt of notice of an appeal's resolution in favor of Plaintiff, the Settlement Administrator will distribute the Settlement Funds as provided for in the Parties' Settlement Agreement to each Class Member who has not opted out of the Class.

8. The Parties' recommendation of US Committee for Refugees and Immigrants as the *cy pres* beneficiary is consistent with promoting the rule of law and is approved.

9. The incentive award to the Named Plaintiff in the amount of $5,000.00, plus any applicable interest, is approved and shall be distributed by the Class Administrator upon distribution of payments to Class Members. The Named Plaintiff is

5

Case 2:16-cv-04078-NKL   Document 111   Filed 09/19/19   Page 5 of 6

permanently barred and enjoined from instituting or prosecuting any of the claims released in the Settlement Agreement.

10. Attorneys' fees and costs of 33% of the Settlement Fund, in the amount of $110,088.00, plus any applicable interest, is approved and shall be distributed by the Class Administrator upon distribution of payments to Class Members.

11. The Court retains continuing and exclusive jurisdiction of the Parties regarding all matters relating to the Lawsuit, including the administration, consummation, and enforcement of the Settlement Agreement.

It is hereby ORDERED that any motion for attorneys' fees and costs related to the Defendant's attempts to dismiss this case after a settlement agreement was reached shall be filed within thirty days of this Order.

For the foregoing reasons and as stated above, the Court grants the Parties' Joint Motion for Final Approval of Class Action Settlement

IT IS SO ORDERED.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated:  September 19, 2019
Jefferson City, Missouri