**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| RIA SCHUMACHER,<br>Individually And On Behalf Of All<br>Others,<br><br>       Plaintiffs,<br><br>  vs.<br><br>SC DATA CENTER, INC. d/b/a<br>COLONY BRANDS, INC.,<br><br>       Defendant. | Case No. 2:16-cv-4078-NKL |

**ORDER**

Plaintiff Ria Schumacher moves for fees incurred in opposing Defendant SC Data Center, Inc.'s attempt to dismiss this case for lack of subject matter jurisdiction and attempting to enforce the parties' settlement agreement. For the reasons discussed below, the Court denies the motion for fees.

## I.     PROCEDURAL BACKGROUND

Ms. Schumacher filed her case in state court on February 3, 2016. Doc. 1, ¶ 1; Doc. 1-1. SC removed the case to federal court on March 4, 2016. Doc. 1. The parties participated in the Mediation and Assessment Program, and on May 12, 2016, reached a settlement agreement that was "contingent on court approval." Doc. 16, p. 1; Doc. 32, ¶ 3.

Four days later, the United States Supreme Court issued a decision in *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540 (2016). SC subsequently moved to dismiss Ms. Schumacher's complaint in its entirety pursuant to Rule 12(b)(1) on the ground that she lacked standing. The Court denied SC's motion to dismiss, concluding that "Schumacher's standing to

bring the FCRA claims underlying th[e] settlement is irrelevant to whether she has standing to enforce the parties' settlement agreement." Doc. 61. The Court thereafter approved the class settlement. Docs. 76, 83, 84.

SC appealed, and on January 8, 2019, the Eighth Circuit vacated the Court's decision, finding that the Court erred in not assessing standing before enforcing the settlement agreement. Doc. 90-1, p. 2. The Eighth Circuit remanded the case "for a decision on whether Schumacher has standing."

On remand, the Court denied SC's motion to dismiss for lack of standing with respect to the adverse-action claim (Count I), but initially granted the motion to dismiss with respect to the improper-disclosure and lack-of-authorization claims (Counts II and III). Doc. 102. Plaintiff then filed a motion for reconsideration. Upon reconsideration, the Court reversed its decision dismissing Counts II and III and denied Defendant's motion to dismiss in its entirety. Doc. 109.

## II.    DISCUSSION

Although the parties' settlement agreement specified the total attorneys' fees due to Plaintiff's counsel, the agreement expressly stated that, "[n]otwithstanding the foregoing, the Parties reserve the right to seek attorneys' fees for enforcing breaches of this Settlement Agreement in accordance with applicable law." Doc. 72-2, Section VII.H. Thus, the agreement did not cap fees incurred in enforcing the settlement agreement. Nonetheless, the agreement did not create a right to fees for enforcing the agreement: it merely preserved any right the parties otherwise might have had to seek attorneys' fees.

The traditional American rule ordinarily disfavors awards of attorneys' fees in the absence of statutory or contractual authorization. *Hall v. Cole*, 412 U.S. 1, 4–5, (1973). However, Plaintiff argues that, because of Defendant's demonstrated bad faith, an award of fees is appropriate in this

case on three legal grounds: (1) Defendant's bad faith represents a breach of the implied covenant of good faith and fair dealing; (2) under, 15 U.S.C. 1681n(c), the Court must award attorneys' fees upon a finding "that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment"; and (3) Supreme Court case law permits recovery of fees when the losing party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," *Hall*, 412 U.S. at 4–5. Thus, Plaintiff's motion turns on Defendant's purported bad faith.

Plaintiff's charge of bad faith is premised on Defendant's attempt to evade the terms of the settlement agreement into which it entered. Soon after the parties reached an agreement to settle the class claims, the Supreme Court issued the *Spokeo* decision, and Defendant thereafter argued that the Court lacked subject matter jurisdiction over the case and that, therefore, the settlement agreement, which was contingent on the Court's approval, was no longer operative. Defendant moved to dismiss the case for lack of subject matter jurisdiction. The Court ultimately rejected Defendant's argument that the Court lacked subject matter jurisdiction over each claim.

"The term 'bad faith,' as it is ordinarily used in the attorney's fee context, requires a showing either that the party subjectively acted in bad faith—knowing that [s]he had no viable claim—or that [s]he filed an action or paper that was frivolous, unreasonable, or without foundation." *Miller v. Trident Asset Mgmt., LLC.*, No. CV ADC-18-2538, 2019 WL 6528610, at *2 (D. Md. Dec. 4, 2019) (citing, *inter alia*, *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182 (N.D. Ill. Feb. 26, 2001)); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *see Angino v. Transunion, LLC*, No. 1:17-CV-954, 2019 WL 8163967, at **2-3 (M.D. Pa. Sept. 26, 2019) ("adopt[ing] the 'ordinary meaning' of 'bad faith'"); *Limson v. Bridge Prop. Mgmt. Co.*, 416 F. Supp. 3d 972, 994 (N.D. Cal. 2019) ("[B]ad faith may be established based on

a showing that the plaintiff's action was unfounded from the outset, frivolous, or brought for the purpose of harassment.").

While Defendant's failure to take all reasonable steps to effectuate the settlement to which the parties had agreed ordinarily might suggest bad faith, in the aftermath of *Spokeo*, Defendant's position that the Court lacked subject matter jurisdiction over Plaintiff's claims—though incorrect as a matter of fact and law—cannot be deemed frivolous. Indeed, the Eighth Circuit has ruled that Defendant was entitled to an assessment of subject matter jurisdiction on the motion to dismiss. Although the Court now has concluded that it has subject matter jurisdiction over all of the claims that Plaintiff asserted, the Court cannot upon the record presented find that Defendant lacked a reasonable basis for arguing that the Court lacked subject matter jurisdiction.

Moreover, the circumstances in which Courts have found bad faith in the FCRA context are extreme. For example, courts have found bad faith in the face of a "pattern of meritless . . . motions and [after] the court's repeated warnings that such bad-faith filings would lead to sanctions," *Jaffe v. St. Luke's Med. Ctr., LP*, 195 F. App'x 659, 660 (9th Cir. 2006), or where a party's "fraud is inextricably intertwined with [the party's] cause of action," *Miller v. Trident Asset Mgmt., LLC.*, No. CV ADC-18-2538, 2019 WL 6528610, at *3 (D. Md. Dec. 4, 2019). In the absence of a showing of a series of baseless filings or willful misrepresentations of facts to the Court, the Court sees no legal basis for finding bad faith in this litigation so as to warrant awarding fees to Plaintiff's counsel in excess of those for which the settlement agreement expressly provides.[1]

---

[1] The Court's ruling does not address whether a separate cause of action for breach of the implied covenant of good faith and fair dealing or breach of the express terms of the settlement agreement is available to Plaintiff.

**III.     Conclusion**

For the reasons discussed above, Plaintiff's motion for fees is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  March 30, 2020
Jefferson City, Missouri